Pearson, J.
 

 Under an execution, commanding him to sell, “the lands that
 
 descended
 
 to Will: Peden and wife Celia, Raiford Lynch and Wilkerson Futrell and wife Mary from Ralph Massey dec’d,” the Sheriff sold the land in controversy to the lessor of the plaintiff. Celia, the wife of William Peden, was a daughter and one of the heirs at law of said Massey, who disposed of all of his lands by his will and devised the land in controversy to the said Celia. His Honor was of opinion, that the execution did not authorise the sheriff to sell this land. The plaintiff submitted to a non-suit. The sheriff had no power to sell. An execution authorising him to sell one thing did not give him power to sell another; land devised cannot pass under the description of lands descended. It was insisted, that the late statute, which provides that a want of conformity, between an execution and the judgment upon which it issues, shall not vitiate, cures the defect in this case. The statute has no application, for the defect does not grow out of a variance between the execution and the judgment, but is the result of a want of power in the sheriff. The power to sell is conferred by the execution, and must be preserved : if it be exceeded, the act is a nullity, as to the excess ; here there was power to sell the lands which had descended and the. sheriff executed his authority by selling lands which were devised.
 

 It was also urged, that as Mrs. Peden was one of the heirs of Massey and took an estate in fee simple by the de\ise, she took the same estate, that she would have
 
 *469
 
 taken by descent, and therefore, is, in law, considered as taking by descent. It is true, she takes the same estate as to the quantity of interest, but she takes a different estate as to the subject matter, and, to make the rule apply, there must be the same estate in the same land. This is fully set forth by the authorities. If there be two co heirs and one tract of land is devised to one, and another tract to the other, they take by devise and not by descent, for under the devise each has an estate in severalty in the respective tracts ; whereas, by descent, each would have had an undivided moiety in the whole.
 
 Sheph.
 
 Touchstone, 451.
 
 Reading
 
 v.
 
 Raustrom, 2
 
 Ray. 827.
 
 Salkeld
 
 423.
 

 Per Curiam.
 

 Judgment for the defendant.